**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

GALLAGHER BENEFIT SERVICES,                        CIVIL ACTION
INC., AND ARTHUR J. GALLAGHER & CO.

VERSUS                                             NO. 19-12731

H. WOOD VAN HORN                                   SECTION: "B"(3)

<u>OPINION</u>

Before the Court are: (1) defendant H. Wood Van Horn's motion for sanctions (Rec. Doc. 25) and plaintiffs Gallagher Benefit Services, Inc. (GBS) and Arthur J. Gallagher and Co.'s opposition in response (Rec. Doc. 26).

**IT IS RECOMMENDED** that defendant's motion for sanctions (Rec. Doc. 25) is **DENIED.**

I.   **FACTS AND PROCEDURAL HISTORY**

The Court is familiar with the facts of subject action and incorporates all factual findings from the previous order denying this defendant's motion to dismiss.

The subject of defendant's motion for sanctions is the sur-reply (Rec. Doc. 24) filed by plaintiffs in response to defendant's reply memorandum in support of his motion to dismiss. Plaintiffs' sur-reply was filed into the record on December 20, 2019. Rec. Doc. 26 at 4. Defendant served a copy of his motion for sanctions on plaintiffs' counsel on January 16, 2020, nearly one month after the filing of plaintiffs' sur-reply. Counsel for plaintiffs

1

responded on February 5, 2020 and declined to withdraw their sur-reply. Rec. Doc. 25-3. In declining to withdraw their sur-reply, plaintiffs claimed they advised defendant's counsel that arguments over the interpretation or distinguishability of a case are not the proper basis for seeking sanctions, and that the Court is well-equipped to review the cases cited by parties. Rec. Doc. 26 at 4.

Defendant then requested that plaintiffs reconsider withdrawing their motion on February 7, 2020, to which plaintiffs did not respond. Rec. Doc. 25-4. Defendant asserts that plaintiffs have wrongly asserted that *Louisiana Office Systems., Inc. v. Boudreaux*, 298 So. 2d 341 (La. Ct. App. 3 Cir. 1974), *remanded*, 302 So. 2d 37 (La. 1974), *dismissed on other grounds*, 309 So. 2d 779 (La. Ct. App. 3 Cir. 1975), *overruled on other grounds*, 302 So. 2d 37 (La. 1974), is "directly on point and undermines the arguments raised in support of his [defendant's] motion." Rec. Doc. 25-1 at 4 (quoting Rec. Doc. 24 at 2). Further, defendant argues that plaintiffs' suggestion that they ignored plaintiffs' claim for breach of contract is also without merit. *Id*. at 8. Defendant prays that this court enter an order striking the sur-reply from the record, and for an award of reasonable attorney's fees and costs incurred to prepare and file the instant motion for sanctions. Rec. Doc. 25-1 at 10. Plaintiffs oppose the motion. Rec. Doc. 26.

II.  **LAW AND ANALYSIS**

**A. Rule 11 Motion for Sanctions**

Fed. R. Civ. P. 11(c)(1) allows the court to impose an appropriate sanction on an attorney if the court determines that such attorney violated Rule 11(b). Rule 11(b) imposes four duties on an attorney regarding pleadings, written motions, or other papers. Rule 11(b) states in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocation it – an attorney . . . certifies that to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4)(emphasis added).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, and even dismissal. *see Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir.1986); *see also Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts

have a duty to impose the least severe sanction that is sufficient to deter future conduct. Fed. R. Civ. P. 11(c)(4); *see Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993). A sanction under Rule 11 is "an *extraordinary remedy*, one to be exercised with extreme caution." *SortiumUSA, LLC v. Hunger*, 2014 WL 1080765, *3 (N.D. Tex., 2014)(emphasis added). Further, the advisory committee notes for Rule 11 state that a motion for sanctions should not be filed "to intimidate an adversary into withdrawing contentions that are fairly debatable . . . " Fed. R. Civ. P. 11 (Advisory Committee Notes (1993)).

It is undisputed that plaintiffs included the statement "[w]hile [defendant] ignores the *Louisiana Office Systems* case in his reply, the case is *directly on point* and undermines the arguments raised in support of his motion." Rec. Doc. 24 at 2 (emphasis added). As an initial matter, plaintiffs' assertion is incorrect. *Louisiana Office Systems* in not "directly on point" with the factual scenario presented in this case. However, the case is fairly supportive of plaintiffs' argument that an employer may assign a non-compete clause to a third party, and the third-party assignee may subsequently enforce the non-compete agreement.

In *Louisiana Office Systems*, the court held that a non-compete agreement between an employee and an employer was assignable, and that "contracts for the hire of labor, skill or industry are personal on the part of the obligor, but heritable on the part of

4

the obligee." *Id*. at 343 (citing former La. Civ. Code. art. 2007[1]).

The defendant employee in *Louisiana Office Systems* entered into an

employment agreement with Ron Brignac d/b/a Louisiana Office

Systems. *Id*. Mr. Brignac subsequently incorporated Louisiana

Office Systems and assigned all his rights to the business,

including his right to enforce the non-compete agreement, to

Louisiana Office Systems, Inc. *Id*. The court ultimately upheld the

assignment of the non-compete from Mr. Brignac to Louisiana Office

Systems, Inc., and enjoined defendant employee from competing

against Louisiana Office Systems, Inc. *Id*. at 343-44.

*Louisiana Office Systems, Inc*., case is instructive as to how

a Louisiana Court has upheld an employment agreement that was

assigned by an employer to a third person. However, defendant cited

to *Jeansonne v. El Hindy*, 413 So. 2d 999 (La. Ct. App. 4 Cir.

1982), and attempted to distinguish *Louisiana Office Systems,*

*Inc*., from the facts of the present case. In *Jeansonne*, the court

stated that the assignor and assignee of the employment agreement

in *Louisiana Office Systems, Inc*., were "essentially the same

person." *Jeansonne*, 413 So. 2d at 1001. This statement and

reasoning by the *Jeansonne* court is unpersuasive and flawed. Mr.

Brignac and Louisiana Office Systems, Inc. were not "essentially

---

[1] The substance of Louisiana Civil Code Article 2007 is essentially the same as current Louisiana Civil Code Article 1766. LA. CIV. CODE ANN. art. 1766, rev. cmt. (e) ("Civil Code Article 2007 (1870) has been eliminated . . . because the rule it contained is now incorporated into the second paragraph of this Article.").

the same person." Mr. Brignac, a natural person, assigned his
rights to Louisiana Office Systems, Inc., a juridical and separate
person entirely from Mr. Brignac under Louisiana Civil Code Article
24. Thus, Louisiana Office Systems, Inc. was a third person who
had a validly assigned right to enforce the non-compete agreement.
While the case is not "directly on point" it is certainly
sufficient to (1) support plaintiffs' contentions regarding the
assignability of non-compete clauses pursuant to Louisiana State
law, and (2) undermines the arguments made by defendant in their
motion to dismiss that a third person cannot enforce an assigned
non-compete    agreement.    Further,    although    plaintiffs
mischaracterized the case's absolute factual similarity to the
circumstances in this case, it is closely enough on point to render
that error minor.

Second, defendant contends plaintiffs wrongly stated that
defendant failed to address plaintiffs' breach of contract.
Plaintiffs' sur-reply reads in pertinent part:

> Finally, neither Van Horn's Motion to Dismiss nor his
> Reply Memorandum address Gallagher's additional claims
> for breach of contract arising from Van Horn (a)
> transferring confidential and proprietary information to
> himself prior to resigning,[4] (b) failing to return that
> information upon the end of his employment,[5] and (c)
> failing to provide the required notice before
> terminating his employment. Therefore, regardless of Van
> Horn's arguments concerning the assignability of the
> non-solicitation covenant, Gallagher's remaining claims
> for breach of contract are not subject to dismissal under
> Rule 12.

6

Rec. Doc. 24 at 3. Defendant contends that this statement is incorrect and cites to his memorandum in support of his motion to dismiss. Defendant's claimed address of the breach of contract claims is in a footnote on page 2 of his memorandum in support of his motion to dismiss and reads:

> [P]laintiffs' claim that [defendant] breached the 90-day written notice requirement is not without irony. [Defendant] was asked to leave the premises once he gave notice of his intent to leave his employment. More fundamentally, plaintiffs' Complaint either tacitly or expressly concedes GEB did not provide [defendant] the required 90-day written notice before the July 26, 2019, sale of assets to plaintiffs. Thus, GEB breached the 90-day notice provision in the agreement when it unilaterally terminated the insurance agency without telling [defendant] or the other employees. On this basis too, along with others discussed infra, plaintiffs fail to state a claim against [defendant] because GEB breached the agreement.

Rec. Doc. 17-1 at 2; *see also* Rec. Doc. 25-1 at 7. After review of defendant and plaintiffs' statements, it only appears that plaintiffs' assertion is partly incorrect. Although defendant addressed the required notice claim, he failed to discuss the transfer of confidential and proprietary information claim, and the failure to return that information at the end of his employment. Regardless, this does not rise to the level of a purposeful misrepresentation, rather an error while listing several things that defendant failed to mention in their motion. Accordingly, this inaccuracy in plaintiffs' sur-reply likely does not rise to the level of sanctionable conduct under Rule 11.

**E. CONCLUSION**

For the reasons outlined above,

   **IT IS ORDERED** that defendant's motion for sanctions (Rec.

Doc. 25) is **DENIED.**

   New Orleans, Louisiana this 10th day of July 2020

_____

SENIOR UNITED STATES DISTRICT JUDGE